UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                         Case No. 3:09-cr-322-J-32TEM

DANIEL WILLIAM VIGIL,

      Defendant.

_____/

**DEFENDANT'S RESPONSE TO COURT'S AUGUST 6, 2020 ORDER**

Mr. Daniel Vigil, by and through undersigned counsel, respectfully responds to the Court's August 6, 2020 Order, Doc. 124, requiring the undersigned to consult with Mr. Vigil about a release plan and report to the Court the results of that consultation.

The undersigned has conferred with Mr. Vigil regarding the Court's concerns about his proposed release plans. After careful consultation with Mr. Vigil, his family members, and multiple representatives of the United States Probation Office—who have been exceptionally helpful and accommodating—Mr. Vigil respectfully requests that, if this Court is inclined to grant relief on his motion for compassionate release, the Order indicate that his sentence is reduced to time served, with supervised release beginning immediately and imposing an additional condition of supervised release that his supervision include a term of 60 days in a residential reentry center. *See, e.g., United States v. Brown*, No. CR 02-101, 2019 WL 4888675, at *3 (D. Minn. Oct. 3, 2019) ("Upon his release, defendant shall reside for a period of up to 120 days

1

in a residential reentry center as approved by the probation officer and shall observe the rules of that facility."); *United States v. Neadeau*, No. CR 09-126, 2019 WL 3766394, at *5 (D. Minn. Aug. 9, 2019) (same); *United States v. Warren*, No. CR022481, 2019 WL 3059869, at *3 (D. Minn. July 12, 2019) (The court "require[d] as a condition of supervised release, that the Defendant reside for up to 120 days in a residential reentry center upon his release."). The Probation Office concurs that this request allays concerns as to Mr. Vigil's release.

A halfway house placement would provide Mr. Vigil with stable, accessible accommodations immediately.[1] While in residence at the Residential Reentry Center and under the supervision of the Probation Office, he will have access to the resources of the Probation Office to assist him with finding suitable transitional and long-term housing, seeking medical treatment, applying for and receiving any and all social services and benefits to which he is entitled,[2] and reconnecting with this family post-incarceration. Though he has been sober for 11 years, he is committed to continuing to participate in Narcotics Anonymous and other drug treatment programs upon his release, *see* Doc. 121 at Ex. A, and contributing positively to his community and lives of his grandchildren.

---

[1] The Jacksonville Community Service Center, located at 2020 Dahlia Road, Jacksonville Florida, 32254, is a single-floor facility that can accommodate Mr. Vigil's physical limitations while he seeks effective medical care to increase his mobility.
[2] Mr. Vigil has informed the undersigned that he anticipates that he will be eligible to collect at least $1,200 per month in social security benefits upon his release from BOP. The undersigned has not as yet been able to independently verify this information.

Though this Court has concerns that their living arrangements are not immediately accessible or suitable for Mr. Vigil at this time, the United States Probation Office has noted that Mr. Vigil is nonetheless exceptionally fortunate to have the support of friends and family in the community who are willing and able to assist in other ways with his reentry and provide additional resources as necessary.

Wherefore, based on the foregoing, Mr. Vigil respectfully requests that his term of imprisonment is reduced to time served, with the previously imposed term of supervised release beginning immediately. With respect to his release plan, he requests that this Court order that he reside for 60 days in a residential reentry center as an additional condition of supervised release.

Respectfully submitted,

James T. Skuthan
Acting Federal Defender

*/s/ Juliann Welch*
Juliann Welch
Research and Writing Attorney
Florida Bar Number 1003171
400 North Tampa St., Suite 2700
Tampa, Florida 33602
Telephone: (813) 228-2715
Facsimile: (813) 228-2562
E-Mail: Juliann_Welch@fd.org

## CERTIFICATE OF SERVICE

I hereby certify that on August 14, 2020, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the Office of the United States Attorney.

*/s/ Juliann Welch*
Juliann Welch
Counsel of Record